IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASHLEY MCBRIDE, | § § | |
| *Plaintiff,* | § § | SA-18-CV-00197-XR |
| vs. | § § § | |
| HOBBY LOBBY STORES, INC., | § § | |
| *Defendant.* | § § § | |

# ORDER

Before the Court in the above-styled and numbered cause of action is Plaintiff's Motion for Protective Order [#19]. Also before the Court is Plaintiff's Memorandum in Support of Motion for Protective Order [#20] and Defendant's Response in Opposition to Plaintiff's Motion for Protective Order [#22]. On September 20, 2018, the Honorable Xavier Rodriguez referred the motion to the undersigned for disposition pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this Order under 28 U.S.C. § 636(b)(1)(A). The Court held a hearing on the motion on October 2, 2018, at which both parties were present and represented through counsel. Having considered the motion (and memorandum) and response, the record in this case, the applicable law, and the arguments of counsel at the hearing, the Court now confirms in this written Order its oral ruling denying Plaintiff's motion, as well as its other oral rulings.

## I. Factual Background

This personal-injury case arises from an incident that occurred at a Hobby Lobby store in San Antonio on October 26, 2016. Plaintiff alleges that she was shopping at one of Defendant's

1

stores in San Antonio when several metal picture frames fell on her, causing serious and permanent bodily injuries. (Orig. Pet.[1] at 1–2.) Plaintiff seeks damages against Defendant for past and future medical expenses, pain and suffering, mental anguish, physical impairment, and disfigurement, as well as lost wages and lost earning capacity. (*Id.* at 5.)

This action was originally filed in the 37th Judicial District Court of Bexar County, Texas, on February 7, 2018. Defendant timely filed its Notice of Removal [#1] in this Court on February 28. On September 6, Defendant served Plaintiff with a Notice of Intention to Take Deposition by Written Questions and *Subpoena Duces Tecum* [#20-1]. By this notice, Defendant informed Plaintiff of its intent to subpoena the records from and depose the custodians of record for: several of Plaintiff's medical providers, including her primary care physician, TPC Family Medicine; her current employer, Six Flags Fiesta Texas; and Plaintiff's employer at the time of the incident giving rise to this lawsuit, Sea World San Antonio. On September 19, Plaintiff filed a motion for protective order, objecting to portions of Defendant's discovery request. Specifically, Plaintiff objects to Defendant's request for her medical records from her primary care physician, TPC Family Medicine, and to Defendant's demand for "[a]ny and all personnel records" and "[a]ny and all payroll records" from Sea World San Antonio and Six Flags Fiesta Texas.

Plaintiff contends that she has met her burden of demonstrating that a protective order is necessary because the challenged discovery is unduly broad, constitutes "a fishing expedition," and its disclosure would violate her privacy and confidentiality interests and cause her great embarrassment. (Pl.'s Mot. at 2.) Plaintiff asks the Court to enter a protective order requiring the challenged discovery to take place in accordance with certain procedures designed to protect her privacy and confidentiality. More specifically, in her motion, Plaintiff requests that this

---

[1] Plaintiff's Original Petition is attached as Part of Exhibit B to Defendant's Notice of Removal [#1].

Court issue an order requiring the objected-to discovery to take place in accordance with the following protocols: Plaintiff's attorneys would be allowed to review the records from TPC Family Medicine, Sea World San Antonio, and Six Flags Fiesta Texas first, prior to their delivery to Defendant's attorneys or this Court. Plaintiff would not incur any expense in obtaining the records from the court reporter for its initial review. After receiving the records, Plaintiff would have 14 calendar days in which to file a motion with this Court for an *in-camera* inspection of the records. If Plaintiff does not lodge any objection to the records within the 14-day period, the court reporter would deliver the records to Defendant's attorneys and this Court.

During the hearing, the parties informed the Court that they had resolved their dispute regarding the medical records from TPC Family Medicine. Thus, that issue is moot and the only issue that remains before the Court is Plaintiff's objections to the records requested from Sea World San Antonio and Six Flags Fiesta Texas.

## II. Governing Law

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that information is discoverable if it relates to any non-privileged matter "that is relevant to any party's claim or defense and proportional to the needs of the case." If a party is abusing discovery rights in a case, Rule 26(c) allows the other party to seek a protective order from requested discovery. Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

The party seeking protection bears the burden of showing, to the court's satisfaction, that a protective order is necessary. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). To meet this burden, the party seeking to limit the disclosure of otherwise discoverable materials must show that specific prejudice or harm will result if no protective order is granted. *See EEOC*

*v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (stating that Rule 26(c)(1) "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements") (quoting *In re Terra*, 134 F.3d at 306).

If the party seeking protection meets this burden, the court must then balance the public and private interests at stake to determine whether a protective order is warranted. "Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).

### III. Analysis

Plaintiff has failed to meet her burden of showing the necessity of a protective order. Plaintiff seeks damages against Defendant for past and future medical expenses, pain and suffering, mental anguish, physical impairment, and disfigurement, as well as lost wages and lost earning capacity. (Orig. Pet. at 4-5.) Defendant seeks Plaintiff's personnel and payroll records from her employer at the time of the incident and her current employer. These employment records likely contain information that is relevant to the causation and damages elements of Plaintiff's claim. Specifically, Plaintiff is seeking lost wages and lost earning capacity as part of her damages. Defendant has the right to examine Plaintiff's employment records for information that might have a bearing on her earning capacity. Thus, the sought-after personnel and payroll records are discoverable because they are likely to contain information that relates to the impact of Plaintiff's alleged injuries on her work performance, pay, and attendance; comparative information regarding Plaintiff's attendance, pay, and work performance before the incident; and information regarding other potential contributing factors to any change in her work

performance, pay, and attendance. To be sure, Plaintiff's employment records may also contain private information about her (for instance, social security numbers and other sensitive information) and private information about third parties (including non-party family members or co-workers) that should not be publically disclosed. But these privacy and confidentiality interests can be adequately addressed if a confidentiality and protective order is entered and the parties abide by its procedures. By separate order, the Court will enter the standard Western District of Texas Confidentiality and Protective Order.

Thus, in accordance with the foregoing, the Court now enters the following:

**IT IS ORDERED** that the personnel and payroll records produced by Sea World San Antonio and Six Flags Fiesta Texas be designated "Attorneys Eyes Only" pursuant to the separately entered Confidentiality and Protective Order.

**IT IS FURTHER ORDERED** that thirty (30) days after receipt of the personnel and payroll records produced from Sea World San Antonio and Six Flags Fiesta Texas, counsel for the parties confer and discuss redaction and re-designation of all or portions of the records.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Protective Order [#19] is **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 4th day of October, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE